**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

REGINALD JOSEPH COOK,
                Appellant,

       v.

DEPARTMENT OF LABOR,
             Agency.

DOCKET NUMBER
AT-315H-23-0619-I-1

DATE: February 20, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Reginald Joseph Cook</u>, Atlanta, Georgia, pro se.

<u>Monica Moukalif</u>, Esquire, and <u>Michael C. Wynter</u>, Esquire, Atlanta,
    Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which
dismissed his appeal for lack of jurisdiction. For the reasons set forth below, the
appellant's petition for review is DISMISSED as untimely filed without good cause
shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly
to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders
have no precedential value; the Board and administrative judges are not required to
follow or distinguish them in any future decisions. In contrast, a precedential decision
issued as an Opinion and Order has been identified by the Board as significantly
contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The administrative judge issued an initial decision on November 27, 2023, dismissing the appellant's appeal for lack of jurisdiction. Initial Appeal File (IAF), Tab 7, Initial Decision (ID). The initial decision advised the appellant that the deadline to file a petition for review was January 1, 2024, and provided information as to how to file a petition for review. ID at 3-4.

On December 31, 2023, the appellant emailed the Board and attached a document he wished to have docketed as a petition for review. Petition for Review (PFR) File, Tab 1 at 2-5. The Office of the Clerk of the Board informed the appellant in a January 2, 2024 email that a petition for review had to be filed electronically, through the Board's e-Appeal Online System, or by mail, fax, or commercial delivery. *Id.* at 2. The email also stated that no further action would be taken in response to the appellant's December 31, 2023, email and attachment. *Id.*

The appellant filed a petition for review by facsimile transmittal on January 31, 2024. PFR File, Tab 1. The Clerk of the Board issued an acknowledgment letter explaining that the filing deadline was January 1, 2024, identifying January 31, 2024, as the filing date, and providing information regarding how the appellant could file a motion for the Board to accept the filing as timely or to waive the time limit for good cause. PFR File, Tab 2 at 2, 4-5. The appellant did not respond to the acknowledgment letter.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). It is the appellant's burden of proof, by a preponderance of the evidence, to establish the timeliness of his petition for review. 5 C.F.R. § 1201.56(b)(2)(B); *see McPherson v. Department of the Treasury*, 104 M.S.P.R. 547, ¶ 4 (2007). Under the Board's

regulations, a pleading, such as a petition for review, may be filed by mail, facsimile, commercial or personal delivery, or electronic filing. 5 C.F.R. § 1201.4(i). The Board's e-Appeal Online system is the exclusive system for electronic filing with the Board; the Board will not accept pleadings by email. 5 C.F.R. § 1201.14(d) (2023); 5 C.F.R. § 1201.14(b) (2024).[2]

Here, as discussed above, the deadline to file the appellant's petition for review was January 1, 2024, but because that day was a Federal holiday, the actual filing deadline was January 2, 2024. ID at 3; 5 C.F.R. § 1201.23 (explaining that, if the last day for filing falls on a Federal holiday, the filing period includes the first workday after that date). After his December 31, 2023 email was rejected in accordance with the Board's regulations, the appellant filed his petition for review on January 31, 2024. PFR File, Tab 1. Thus, the petition for review was 29 days late.

As the appellant filed his petition for review late, the issue is whether he established good cause to waive the time limit. The Board will waive a petition for review filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition for review, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of

---

[2] The Board revised its regulations regarding electronic filing procedures in 2023, but the version in effect when the appellant filed his appeal specifically provided that filing by email was not allowed and the current version only allows email pleadings when specifically provided. *Compare* 5 C.F.R. § 1201.14(d) (2023), *with* 5 C.F.R. § 1201.14(b) (2024). The appellant was not specifically provided with authorization to file a petition for review by email. Thus, regardless of which version of the regulations is applied, the appellant's email filing was not allowed.

circumstances beyond his control which affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Rivera*, 111 M.S.P.R. 581, ¶ 4 (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

As noted, the appellant did not respond to the letter affording him an opportunity to show good cause for the filing delay. In the appellant's petition for review, he states that he included his December 31, 2023, email to the Board to show that he attempted to timely file his petition. PFR File, Tab 1 at 1. The appellant also acknowledges that he received an email from the Board on January 2, 2024, informing him that the December 31, 2023, filing via email was not acceptable. *Id.* He has offered no explanation for the 29-day delay between January 2, 2024, and January 31, 2024, and thus has not shown that he acted with due diligence or ordinary prudence in filing his petition for review. Moreover, although the appellant was proceeding pro se, the 29-day delay in filing is not minimal. *Hodge v. U.S. Postal Service,* 88 M.S.P.R. 50, ¶¶ 4, 6 (2001) (finding that a pro se appellant's 28–day delay in filing a petition for review was not minimal and did not provide a basis for waiving the filing deadline); *Robinson v. Office of Personnel Management,* 85 M.S.P.R. 589, ¶ 6 (2000) (finding that a pro se appellant's approximately 30–day delay in filing a petition for review was not minimal and did not provide a basis for waiving the filing deadline). Thus, the appellant has not shown good cause for his delay in filing his petition for review. The Board has consistently denied waiver of the filing deadline in the absence of good cause for the filing delay, even when the delay is minimal and the petitioning party is pro se. *Lockhart v. Office of Personnel Management,* 94 M.S.P.R. 396, ¶¶ 7–8 (2003) (declining to excuse a 5–day delay in filing a petition for review where the pro se appellant failed to show good cause for the delay); *Beckley v. U.S. Postal Service*, 43 M.S.P.R. 397, 399 (1990) (stating that in the interest of judicial

efficiency and fairness, the Board will not waive its timeliness requirements in the absence of good cause).

Based on the analysis set forth above, we dismiss the petition for review as untimely filed without good cause shown for the delay. This is the final decision of the Merit Systems Protection Board concerning the timeliness of the appellant's petition for review. The initial decision remains the final decision of the Board concerning the merits of the appeal. 5 C.F.R. § 1201.113(c).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30**

**calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised

claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.